UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>STEPHEN C. MASON, et al.,<br><br>               Defendants. | CASE NO. C17-5526 BHS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants Kien Chau and Hansan Carpet & Blind's ("Defendants") motion for judgment on the pleadings (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

In January 2013, the HELENA STAR sank and discharged oil into the navigable waters of the United States. Dkt. 1, ¶ 77. The Government alleges that Defendants and others in relation to Defendants owned and/or maintained control over the HELENA STAR. *Id*. ¶¶ 6–76. The Government alleges that Defendants and others failed to respond to the threat of oil discharge forcing the Government to respond. *Id*. ¶¶ 80–83.

The Government incurred over $600,000 in costs for the removal of the HELENA STAR and cleanup of the oil discharge. *Id*. ¶ 86.

On July 11, 2017, the Government filed a complaint against Defendants and others asserting three claims for violations of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq*., a claim for a violation of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq*., and a claim for priority of its claims. *Id*.

On April 3, 2018, Defendants filed a motion for judgment on the pleadings. Dkt. 26. On April 23, 2018, the Government responded. Dkt. 29. On April 27, 2018, Defendants replied. Dkt. 30.

## II. DISCUSSION

**A. Standard**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are closed for purposes of Rule 12(c) once a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058 (9th Cir. 2005). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.     Timing**

The Government argues that Defendants' motion is premature. Dkt. 9 at 3–4. The issue is whether the pleadings are closed when some defendants have not answered but are in default. Neither party cites authority directly on point. In the absence of authority, it would seem that the pleadings are closed when the time period for filing an answer has passed and the opposing party has moved for default. Otherwise, the pleadings would never be closed when at least one party has defaulted. The Court also agrees with Defendants that, even if the pleadings are not closed, the Court may address the merits of the motion because a Rule 12(c) motion is substantially identical to a Rule 12(b)(6) motion. Dkt. 30 at 4 n.3.

**C.     Merits**

Defendants argue that the Court should dismiss the Government's complaint because it fails to support the claims with sufficient factual allegations. Dkt. 26. First, Defendants claim that the Government's allegation that the HELENA STAR is a "vessel" under the OPA is a formulaic recitation of the elements of an OPA claim. *Id*. at 6–10.

The Court disagrees. Alleging that the HELENA STAR is a vessel is sufficient to put Defendants on notice of the claim against them. Moreover, this issue is more suitable for resolution on a motion for summary judgment when the parties may submit facts in support of their respective positions. Therefore, the Court denies Defendants' motion on this issue.

Second, Defendants argue that the Government has failed to sufficiently plead a claim for violation of the FDCPA. Dkt. 26 at 11. Defendants assert that the Government failed to allege that Defendants have moved any assets to violate the statute or that the Government is entitled to any monetary relief from Defendants for a violation of OPA. *Id.*; Dkt. 30 at 8–9. The Court denies the latter issue because the Government has sufficiently stated an OPA claim. Regarding the former, the Court finds no need to list the actual improper transactions in the complaint. Defendants may easily discover the challenged transaction supporting the Government's claim with a simple discovery request. Therefore, the Court denies Defendants' motion on this issue.

Third, Defendants argue that the Government fails to indicate why its alleged debt has priority over other debts. Dkt. 26 at 11–12. The Court finds that the Government has provided sufficient notice of its claim. To the extent Defendants seek clarity on which enumerated circumstance in the applicable statute supports the Government's claim, Defendants may request this information in discovery. Therefore, the Court denies Defendants' motion on this issue as well.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. 26) is **DENIED**.

Dated this 4th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge